## ALLEGED COLLUSION IN PLACING A CORPORATION IN THE HANDS OF A RECEIVER.

Circuit Court of Cuyahoga County.

DAVID B. CARPENTER v. ANDREW WILLIAMSON ET AL.

Decided, November 24, 1905.

*Corporations—Stockholder Must Redress Wrongs Through the Corporation.*

A stockholder in a corporation can not maintain an action to redress wrongs done the corporation, whereby he has suffered in his stockholding interest, unless he alleges an effort to secure redress through the corporation, its officers, assignee or receiver, and neglect or refusal on their part to act.

*David B. Carpenter,* for plaintiff in error.
*E. Hitchens,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

The petition in this case attempts to set forth a cause of action growing out of the defendant's collusion and fraudulent management or mismanagement, of a corporation in which plaintiff was a stockholder, by reason whereof said corporation was placed in the hands of a receiver and its entire assets transferred to defendants under the guise of a new corporation which is also made defendant to the action.

The plaintiff says that the suit is one of general interest to all the other stockholders and creditors of said original company, who are very numerous, and that he brings the action not only for himself, but for all other stockholders and creditors thereof who may come in to prosecute it.

One of the defendants demurred to the petition in the common pleas court, the demurrer was sustained, judgment entered on the demurrer, and the matter brought here for review of said judgment.

The petition is very voluminous, but we have searched it in vain for any allegations that plaintiff ever attempted to secure redress for the wrongs of which he complains through the original corporation or its receiver, though it is manifest that he was wronged, if at all, because of his ownership of stock in a corporation whose rights were infringed.

Neither is said corporation or its receiver a party to the action.

We hold that a stockholder can not maintain an action to redress wrongs done the corporation, whereby he has suffered in his stock-holding interest, unless he allege an effort to secure redress through the corporation, its officers, assignee or receiver, and neglect or refusal on their part to act.

No authorities on this proposition need be cited.  The whole of the eighty-ninth chapter in the fourth volume of *Thompson's Commentaries on the Law of Corporations* is on this subject, and this court has heretofore recognized the rule.  *Larwill* v. *Burke,* 19 C. C., 449, 475.

The petition being deficient in the respect pointed out, it failed to state a cause of action, and the demurrer to it was properly sustained.

Judgment affirmed.